EDITH GIBBY BOICE, complainant-respondent,

*v.*

NELSON B. BOICE, defendant, and J. DEWITT BOICE, trustee, defendant-appellant.

[Argued May 27th, 1941. Decided September 19th, 1941.]

*Messrs. Lum, Tamblyn & Fairlie* (by *Mr. Ralph E. Lum, Jr*)., for the appellant.

*Mr. Milton M. Unger,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This appeal brings up two orders, dated December 27th, 1940, and January 15th, 1941, respectively, in a matrimonial proceeding.

It appears that on August 10th, 1939, the complainant filed her bill of complaint against her husband, alleging acts of cruelty, abandonment and adultery, and praying for maintenance for herself and two young children. Upon filing the bill, a sequestrator was appointed. The husband appeared by counsel, as did the appellant, who was trustee under a certain agreement between the parties for the maintenance of complainant and her children.

Upon his appearance before the advisory master, the husband expressed regret for his conduct and sought the return of his wife, and the bill and proceedings were dismissed on September 7th, 1939. At her husband's solicitation, the complainant took her children to Florida to live with him. The proofs show that he starved and beat her and compelled her and his children to live under the same roof with his paramour. He instituted a divorce proceeding against complainant in Florida. Complainant was forced to return to New Jersey by reason of her husband's conduct. Following the dismissal of her bill, the husband has made no efforts to maintain his wife and children, but on the contrary has continued his desertion, cruelty and adultery.

On April 26th, 1940, complainant filed a bill of complaint, setting up the conduct of her husband, and also the agreement for the support of herself and children, and seeking suitable maintenance and support from her husband and an accounting from J. DeWitt Boice, trustee, and restraint of the trustee from disposing of any property. On June 18th, 1940, the husband filed his answer to this bill. Thereafter, a petition was filed to vacate the order dismissing the first bill and for other relief. A further petition was filed for sequestration. Orders to show cause were issued requiring the defendants

to show cause why the complainant should not have the relief sought by her. Service was made upon the defendants, either personally or through their solicitor. The appellant filed a petition in the cause seeking to be dismissed as a party defendant and asking that the sequestration proceedings be vacated as to him.

The trustee appeals from two orders, one dated December 27th, 1940, the other dated January 15th, 1941, the first of which, among other things, vacated the decree of dismissal and denied the petition of the trustee that the sequestration proceedings be vacated as to him; and the second of which directed the appellant trustee and the husband (who does not appeal) to show cause why the trustee should not account to the sequestrator for the property of the husband entrusted to him, with *ad interim* injunction.

Appellant argues that the court was without jurisdiction to proceed with the matter in the absence of the husband, and that no service of the order to show cause was made on him. He was, however, in the cause when he filed his answer and service was made on his solicitor and on him, as directed in the order. It appears clearly, therefore, that the court had jurisdiction over the persons of the defendants. Both filed pleadings in the cause and were represented by counsel at the hearings held in the cause.

Appellant also asserts that the court was without jurisdiction to entertain the proceeding against him for sequestration and accounting because such relief is not a matrimonial cause of action. Rule 20 of the Court of Chancery, as amended on June 6th, 1940, seems to afford adequate support for the court's action in this case. In any event, the advisory master was fully warranted in holding the matter for final hearing and was not in error in opening the order of dismissal of the first bill under the undisputed facts of this case.

The orders under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.